## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

ROBERT HOLLER,                )
        Plaintiff,        )
                     )
    v.                  )    CAUSE NO.: 4:20-CV-81-PPS-JPK
                     )
SUMMIT MACHINE TOOL LLC, *et al.*,   )
        Defendants.   )

### OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Robert Holler invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing his Complaint in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy. Plaintiff has also sufficiently alleged the citizenship of Defendants Summit Machine Tool Manufacturing Corp. and Advanced Machinery Companies, Inc. However, the allegations are insufficient as to the citizenship of Plaintiff and Defendant Summit Machine Tool LLC.

The Complaint states that Plaintiff "is and was a resident of the state of Indiana." (Compl. ¶ 2, ECF No. 1). The Complaint further states that Defendant Summit Machine Tool LLC "is a limited liability company organized under the laws of the state of Oklahoma, with its principal place of business located in Oklahoma City, Oklahoma." *Id.* at ¶ 3. These allegations are insufficient for the purpose of determining citizenship.

"The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state"). The Court must therefore be advised of Plaintiff's state of citizenship, not his state of residence.

Further, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if a party is a limited liability company or partnership, the Court must be advised of the identity of each of its members or partners and advised of each member's or partner's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company or partners of a partnership are citizens of a particular state. *See Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the

name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege his own citizenship and that of Defendant Summit Machine Tool LLC, as outlined above. Therefore, the Court **ORDERS** Plaintiff Robert Holler to **FILE**, on or before **November 17, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiff and Defendant Summit Machine Tool LLC.

So ORDERED this 3rd day of November, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT